**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CV-20408-JEM**

KENNETH CAREY,

    Plaintiff,

v.

JONATHAN KIRK, p/k/a DaBaby (individually),
KHALIK CALDWELL, p/k/a Stunna 4 Vegas (individually),
BILLION DOLLAR BABY ENTERTAINMENT,
LLC, a North Carolina Corporation,
UNKNOWN CONSPIRATOR #1, UNKNOWN CONSIPRATOR #2,
UNKNOWN CONSPIRATOR #3, UNKNOWN CONSPIRATOR #4,
UNIVERSAL MUSIC GROUP, INC., a Colorado Corporation [sic],
and INTERSCOPE RECORDS, a California Corporation [sic],

    Defendants,
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT KHALIK CALDWELL'S
MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF
LAW**

Comes Now, Kenneth Carey, via undersigned counsel hereby objects to Defendant Khalik Caldwell's Motion to Compel Arbitration and requests that this Court deny Defendant's Motion. This response is submitted late. Counsel for Plaintiff was sick and faced CM ECF technical account errors and requests leave to responds untimely from this Court as well. If this Court grants permission to respond, Plaintiff states the following in regards to the Defendant's Motion:

1. Plaintiff Kenneth Carey does not believe the contract provided by Defendant Khalik Caldwell and his agent is the correct contract that he agreed to, however, he does not have a copy of it, only a photo of the agreement that has previously been presented from his phone. Co-Defendant Jonathan Kirk and Co- Unidentified Conspirators stole

Plaintiff's phone after knocking him unconscious. Mr. Carey's phone obtained his records of document and messages related to this matter.

2. Plaintiff and his partner Steve Anyadike received automated notifications via email that Defendant or his agent had deleted documents related to this situation or they had expired in docusign system. Plaintiff tends to believe they were deleted because of the context of the sequence of events that happened and how it would benefit Defendant if documents were deleted. See Exhibit 1 and 2

3. Plaintiff believes that he never agreed to an Arbitration clauses or a venue clauses outside of Florida.

4. Plaintiff states that none of the parties are from Tennessee. He is from New Jersey and Defendants Jonathan Kirk and Khalik Caldwell are believed to be from North Carolina. The performance took place in Florida. Plaintiff believes this agreement would have had venue in Florida, which is another reason he doesn't believe the contract presented is/was the correct one.

5. Defendant Khalik Caldwell claims that the contract included two arbitration clauses in their agreement. Whereas, this situation tends to prove Plaintiffs position that the contract presented by Defendant was not the original or agreed to contract. Additionally, it evidences that discovery is needed to locate the original agreement. Plaintiff's seek more time to seek discovery with this matter, as Khalik Caldwell's counsel has just recently signed on this case and there has been an inability by Plaintiff to seek discovery upon him on the matter.

6. Plaintiffs can provide two other contracts with the parties herein, whereby the venue or law for both agreements was in the state where the event took place. This shows that the

standard by Defendants was to have venue in the state where the event occurred. See Exhibit 3 and 4.

7. Thus, Plaintiffs argument is that this Court cannot enforce a fabricated contract.

8. Plaintiffs argue that pursuant to *Orkin Exterminating Co. v. Petsch*, 872 So. 2d 259, 265 (Fla. 2d DCA 2004) that this clause was pursuant to a contract of adhesion and was unconscionable like the Orkin Case. Plaintiff's (Kenneth Carey and partner Steve Anyadike) don't claim to have knowledge of reading the arbitration clause or to have agreed to it. There were no bold or highlighted letters directing anyone's attention to the clause. In addition, there were two opposing clauses (venue and arbitration clauses).

> *"The agreement in Powertel was, without question, procedurally unconscionable. Powertel, a cellular service provider, attempted to modify its contracts with customers after the fact, by including an insert in the customer's bill stating the terms of the existing contracts would be changed to add an arbitration provision as of a certain date. If the customer continued to use the cellular service, he or she was deemed to have accepted the new contract terms. "The customers did not bargain for the arbitration clause, nor did they have the power to reject it. One of the hallmarks of procedural unconscionability is the absence of any meaningful choice on the part of the consumer." Id. at 575. Powertel's customers had no choice but to agree to the new arbitration clause if they wished to continue to use the cellular telephone plans they had already purchased."*

9. Just like the contracts were changed in the Orkin case, we argue that the contract was changed or modified "after the fact" by Billion Dollar Baby Entertainment and it's agents and/or by Khalik Caldwell and/or his agent. Additionally, Plaintiff's were on a "take it or

3

    leave it basis"(term used by the Court) situation with no ability to negotiate the clause and argue the clause, if it existed, is unenforceable and presents a contract of adhesion.

10. Lastly, the arbitration clause strongly inhibits Plaintiff's ability to remedy this matter by restricting their right to due process and ability to exercise their constitutional rights to seek justice and enforce discovery.

11. Plaintiff requests that Defendant's Motion is denied, or in the alternative, that the Motion is stayed for five months pending Plaintiffs opportunity to seek discovery to gain the pertinent records to oppose this motion. In addition, Plaintiff has been prevented by Federal law from requesting discovery until the completion of the case conference planned for March 9th, 2021.

Wherefore, Plaintiff requests a dismissal of Defendant's motion, or in the alternative, a stay of the Motion pending completion of discovery, so that Plaintiff can fairly represent the proper agreement.

### LOCAL RULES 7.1 CERTIFICATION

Plaintiff's counsel certifies that it conferred with counsel for Defendant Khalik Caldwell in good faith in an effort to resolve this matter without Court intervention but no resolution was found.

Dated: March 8th, 2021

                                                            Jonathan May
*Counsel for Plaintiff Kenneth Carey*
The Lions' Den, Attorneys at Law
1395 Brickell Avenue, Suite 900
Miami, FL 33131
Telephone (305) 699-5466
Fax (844) 954-6652
jm@tldaal.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing has been served on all parties via the Court's eFiling Portal, as indicated on the attached Service List, this 8th day of March, 2021.

**SERVICE LIST**

Brian Bieber
Scott Cagan
Andrew Sarangoulis
GRAYROBINSON, P.A.
*Counsel for Defendants Jonathan Kirk,*
*Billion Dollar Baby Entertainment LLC and*
*Khalik Caldwell*
333 S.E. Second Avenue
Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Fax: (305) 416-6887
Brian.bieber@gray-robinson.com
Scott.cagan@gray-robinson.com
Andrew.Sarangoulis@gray-robinson.com


Kevin Markow, Esq.
Evan Benjamin Berger, Esq.
BECKER & POLIAKOFF, P.A.
1 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL 33301
KMarkow@beckerlawyers.com (primary)
EBerger@bplegal.com (primary)
JShelton@beckerlawyers.com (secondary)
SSegall@beckerlawyers.com (secondary)
*Attorney for Defendants Universal Music*
*Group, Inc. and Interscope Records*

Drew Findling, Esq.
THE FINDLING LAW FIRM
Counsel for Defendant Jonathan Kirk
One Securities Centre
3490 Piedmont Road, Suite 600
Atlanta, Georgia 30305
drew@findlinglawfirm.com
*Attorney for Defendant Jonathan Kirk*