UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-20408-CIV-MARTINEZ-BECERRA

KENNETH CAREY and STEVE ANYADIKE,

    Plaintiffs,

v.

JONATHAN KIRK,

    Defendant.
_____/

**ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL**

Before the Court is Plaintiffs' Request for Certification of Interlocutory Appeal and, in the alternative, Notice of Appeal, (ECF No. 283). Plaintiffs ask this Court to certify the Court's Omnibus Order Granting Motions to Dismiss, (ECF No. 272), the Omnibus Order on the parties' motions for summary judgment, (ECF No. 279), and the Order on Motions in Limine, (ECF No. 282), for an interlocutory appeal pursuant to 28 U.S.C. 1292(b). In the alternative, Plaintiffs state that if the Court denies its request for certification, the Motion should be construed as a Notice of Appeal. After careful consideration, the Motion is **DENIED**.

Section 1292(b) states that an appeal of a non-final order[1] may be permitted should a district court certify in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, to qualify for leave to file an interlocutory appeal under § 1292(b), Plaintiffs have the burden of

---

[1] The pertinent orders Plaintiffs seek to appeal are non-final orders, as explained in more detail *infra*.

1

establishing three elements: (1) that a "controlling question of law" exists, (2) over which there is a "substantial ground for difference of opinion" among courts; and (3) the immediate resolution of the issue would "materially advance the ultimate termination of the litigation." *Id.*; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (noting that the burden of establishing the § 1292(b) requirements is on the petitioning party). "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 19-cv-23591, 2020 WL 3433147, at *2 (S.D. Fla. June 23, 2020) (quoting *In re Yormak*, No. 2:17-cv-73-FtM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017)).

"The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it." *McFarlin*, 381 F.3d at 1259. The Supreme Court has therefore recognized that an interlocutory appeal under 28 U.S.C. § 1292(b) is reserved for "exceptional cases." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Ultimately, there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008).

Plaintiffs have failed to carry their heavy burden of establishing that an interlocutory appeal is warranted. Plaintiffs do not provide any support for their request, and the Court finds no reason to certify these orders for appellate review. Establishing the existence of a "controlling question of law" does not entail "application of settled law to fact," nor does it require "rooting through the record in search of facts or of genuine issues of fact." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). The Court's orders on the parties' motions to dismiss and for

summary judgment do not present a pure question of law; rather, the issues involved entailed the application of settled law to fact. In fact, in their motions and responses, Plaintiffs never disputed the law the Court should apply, but instead argued that the settled law applied to the facts should result in an outcome in their favor. "That case-specific inquiry does not present a pure question of law but a mixed one of law and fact." *Nice v. L-3 Comms. Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018). The Court therefore finds that this case does not involve a controlling question of law over which there is a substantial ground for difference of opinion among courts.

It is evident to the Court that Plaintiffs filed this motion merely for dilatory purposes, because they were, once again, discontent with the result. Plaintiffs simply want the Court of Appeals to "review the district court's take on the facts that reasonably could be inferred from the evidence." *McFarlin*, 381 F.3d at 1262. That is not the purpose of § 1292(b) appeals. *Id.*

Furthermore, Plaintiffs' alternative Notice of Appeal does not prevent this Court from proceeding to trial. When a wrongfully taken appeal of a non-dispositive order is taken, the Court can still proceed to final judgment. *Accord Robinson v. Tanner*, 798 F.2d 1378, 1379 n.1 (11th Cir. 1986) (holding that the district court had jurisdiction to enter final judgment during the pendency of the wrongfully taken appeal); *see also United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) ("We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction[.]"). The orders Plaintiffs seek to appeal are non-final orders and are therefore not immediately appealable. Indeed, the Court's Orders on the parties' motions to dismiss and the motions for summary judgment in question in this case "adjudicate[e] fewer than all claims in a suit, or adjudicate[e] the rights and liabilities of fewer than all parties."[2]

---

[2] Even if the Court's Omnibus Order Granting Motions to Dismiss constituted a final order, Plaintiffs' appeal is untimely pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A) because Plaintiffs filed their purported notice of appeal more than 30 days from the date of the order.

3

*See Edwards v. Prime, Inc.*, 602 F.3d at 1288; *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1288 (11th Cir. 2001).; *Williams v. Bishop*, 732 F.2d 885, 886 (11th Cir. 1984) (concluding that the grant of summary judgment in favor of two of the three named defendants was not an immediately appealable final judgment because it disposed of "fewer than all claims or parties."). Moreover, there is no question that the order on the parties' motions in limine is non-final order. Plaintiffs do not argue otherwise in their Motion, and by invoking the Court's authority to certify non-appealable orders, they seemingly concede this point. Therefore, because Plaintiff is seeking to appeal nondispositive orders, the Court is not divested of jurisdiction.

Accordingly, and for the foregoing reasons, the Court finds that the issues presented for certification do not merit deviation from the general principle that appeals should be conducted after final judgment. The Court further finds that because Plaintiffs' appeal of non-dispositive orders is wrongfully taken, this Court can still proceed to trial.

**ORDERED AND ADJUDGED** that Plaintiffs' Request for Certification of Interlocutory Appeal and, in the alternative, Notice of Appeal, (ECF No. 283), is **DENIED**. This case shall proceed to trial as scheduled.

DONE AND ORDERED in Chambers at Miami, Florida this 13 day of September, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

---

Plaintiffs' motion for reconsideration did not toll the time to appeal. *See Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019).