UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 21-20408-CIV-MARTINEZ-BECERRA

KENNETH CAREY and
STEVE ANYADIKE,

      Plaintiffs,

v.

JONATHAN KIRK,

      Defendant.

_____/

**DEFENDANT JONATHAN KIRK'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, AND COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 8, 12(a)(4), and 15, Defendant Jonathan Kirk files his First Amended Answer and Affirmative Defenses[1] to the Amended Complaint filed on November 19, 2021 (ECF No. 121), and his Counterclaim, and states:

**ANSWER**

**Introduction**

1. Admitted that Plaintiff has filed this action, but denied that he is entitled to damages or any other type of relief.

**Jurisdiction and Venue**

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Admitted.

---

[1] This Amendment is filed as of right pursuant to Fed. R. Civ. P. 15(a)(1).

5. Admitted.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Denied.

11. Admitted for venue purposes only, otherwise denied.

## General Allegations[2]

1. Without knowledge, therefore denied.

2. Admit only that Kirk is a popular musician and that Caldwell p/k/a "Stunna4Vegas" has a contractual relationship with Billion Dollar Baby Entertainment, LLC ("BDBE").

3. Admit only that Kirk is the sole member of BDBE.

4. Without knowledge, therefore denied.

5. Admit only that Plaintiff Carey entered into a Performance Agreement with Caldwell. Otherwise denied. By Order dated July 22, 2021 (ECF No. 62), the Court granted Caldwell's motion to compel arbitration and stayed the action as to Caldwell.

6. Without knowledge, therefore denied.

7. Denied.

8. Admit only that Plaintiff Anyadike signed a written agreement (the Performance Agreement dated January 2, 2020).

9. Admit only that K. Serenity Virgil, President, Label Operations of Billion Dollar Baby

---

[2] The Amended Complaint (ECF No. 121) restarts paragraph numbering in the "General Allegations" section at paragraph 1. This Answer tracks this renumbering pattern for ease of reference.

Entertainment, LLC, sent the Performance Agreement dated January 2, 2020 to Anyadike.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## Count I – "Breach of Contract"

40. The responses to Paragraphs 1 through 39, inclusive, are incorporated as if fully set forth.

41. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

42. Denied, except admit that Kirk and Anyadike entered into the Performance Agreement dated January 20, 2020 that is attached as Exhibit 7 to the Amended Complaint (ECF No. 121).

43. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

44. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

45. Denied, except admit that Kirk and Anyadike entered into the Performance Agreement dated January 20, 2020 that is attached as Exhibit 7 to the Amended Complaint (ECF No. 121). Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

46. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

47. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

48. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

49. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

50. Denied. Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

51. Denied, except admit only that Kirk did not appear at the Café Iguana event because Anyadike committed a material breach of the Performance Agreement, among other reasons (as set forth in Kirk's Affirmative Defenses). Also, this claim was dismissed as to Plaintiff Carey by Court Order dated September 2, 2022 (ECF No. 279).

**Count II – "Intentional Assault Against Kenneth Carey and Steve Anyadike"[3]**

52. The responses to Paragraphs 1 through 51, inclusive, are incorporated as if fully set forth.

53. Paragraph states a legal conclusion that does not require a response. To the extent that this paragraph alleges any facts, they are denied.

54. Denied.

55. Denied.

56. Denied.

---

[3] The Court's Order dated September 2, 2022 (ECF No. 279) granted summary judgment in favor of Anyadike on this claim, as to liability only.

57. Admit only that Kirk hit Anyadike, once, with an open hand.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### Count III – "Intentional Battery"[4]

62. The responses to Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth.

63. Paragraph states a legal conclusion that does not require a response. To the extent that this paragraph alleges any facts, they are denied.

64. Denied.

65. Admit only that Kirk hit Anyadike, once, with an open hand.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

---

[4] The Court's Order dated September 2, 2022 (ECF No. 279) granted summary judgment in favor of Anyadike on this claim, as to liability only.

76. Denied.

77. Denied.

78. Denied.

### Count IV – "Promissory Estoppel"

79. - 86. This claim was dismissed by Court Order (ECF No. 279) dated September 2, 2022.

### Count V – "Civil Conspiracy"

87. - 101. This claim was dismissed by Court Order (ECF No. 279) dated September 2, 2022.

### Count VI – "Defamation Per Se and Per Quod"

102. - 119. This claim was dismissed by Court Order (ECF No. 279) dated September 2, 2022.

### Count VII – "Intentional Infliction of Emotional Distress"

120. - 127. This claim was dismissed by Court Order (ECF No. 279) dated September 2, 2022.

### Count VIII[5] - "Civil Theft"

1. - 14 and paragraphs 1. - 4. This claim was dismissed by Court Order (ECF No. 279) dated September 2, 2022.

[All "WHEREFORE" clauses are denied, as well as all unnumbered allegations and all allegations after Count VIII, including those under the subheading "Summary"].

### AFFIRMATIVE DEFENSES

Defendant Jonathan Kirk, without admitting liability or the burden of proof as to Plaintiffs' allegations, asserts the following affirmative defenses as to the claims alleged in the Amended

---

[5] The Amended Complaint re-started the paragraph numbers under Count VIII as Paragraphs 1 through 14, instead of continuing sequentially after paragraph No. 127. Plaintiff then re-started the numbering after paragraph No. 14 at No. 1. This Answer tracks Plaintiffs' numbering pattern for ease of reference.

Complaint:

### First Affirmative Defense – Prior Material Breaches

Plaintiff Anyadike's breach of contract claim (Count I) is barred based on his and his agents' prior material breaches of the subject agreement (the Performance Agreement dated January 2, 2020, attached to the Amended Complaint as Exhibit 7 (ECF No. 121-1). Anyadike failed to pay the required fee for the event specified in the Performance Agreement and attempted to change the venue.

### Second Affirmative Defense – Termination for Cause

Plaintiff Anyadike's breach of contract claim (Count I) is barred because Kirk properly terminated the Performance Agreement for cause.

### Third Affirmative Defense – Failure to Mitigate

Any damages which Plaintiffs allegedly incurred must be reduced based on their failure to mitigate their alleged damages.

### Fourth Affirmative Defense – Speculative Damages

Plaintiff Anyadike's alleged damages for breach of contract are speculative. They fail to take into account expenses incurred in claiming lost profits, and Anyadike has failed to produce in discovery any evidence of such expenses.

### Fifth Affirmative Defense – No Proximate Cause

Plaintiff Anyadike's breach of contract claim (Count I) is barred because Kirk did not proximately cause any damages.

### Sixth Affirmative Defense – Failure to Perform Conditions Precedent

Plaintiff Anyadike's breach of contract claim (Count I) is barred because Anyadike failed to fulfill and satisfy a condition precedent of the contract. He failed to tender or pay the required

fee for the specific event identified in the Performance Agreement.

### Seventh Affirmative Defense – Accord and Satisfaction

Plaintiff Anyadike's breach of contract claim (Count I) is barred based on the doctrine of accord and satisfaction. Anyadike's agent accepted the return of the fee paid under the Performance Agreement, which effectuated a full and complete settlement of the parties' dispute.

### Eighth Affirmative Defense – Release

Plaintiff Anyadike's breach of contract claim (Count I) is barred based on the doctrine of release. Anyadike's agent accepted the return of the fee paid under the Performance Agreement and the parties released all obligations against each other.

### Ninth Affirmative Defense – Estoppel

Plaintiff Anyadike's breach of contract claim (Count I) is barred based on the doctrine of estoppel. Anyadike's agent accepted the return of the fee paid under the Performance Agreement and the parties released all obligations against each other.

### Tenth Affirmative Defense – Set-off

Any damages awarded to Plaintiffs must be reduced by the amounts Kirk is awarded on his counterclaims.

### Eleventh Affirmative Defense – Fraud by Carey in Prosecuting his Assault and Battery Claims

Plaintiff Carey's claims for damages under Counts II and III are barred by his fraudulent conduct and discovery violations in this case. He produced and relied upon fabricated invoices to support his demand for reimbursement of approximately $42,000 in therapy invoices – even though he knew (or, at a minimum, should have known by conducting a reasonable inquiry) that the "therapist" was unlicensed and did not perform any services. Carey also misrepresented that he received professional services from her.

### Twelfth Affirmative Defense – No Right to Attorney's Fees

Plaintiffs' request for attorney's fees in Counts I, II, and III must be stricken because no contractual or statutory right exists for such recovery.

### Thirteenth Affirmative Defense – No Punitive Damages

Kirk's conduct did not constitute "intentional misconduct" or "gross negligence" as defined in Fla. Stat. § 768.72(2). Furthermore, even if Plaintiffs were entitled to punitive damages – which Kirk denies – any such award would be subject to the Florida statutory caps. *See* Fla. Stat. § 768.73.

### Fourteenth Affirmative Defense – Fraud and Concealment of Material Facts

Plaintiff Anyadike's breach of contract claim (Count I) is barred based on Anyadike's fraud and concealment of material facts. Anyadike, with the participation of Carey, concealed material facts about the transaction that is the subject of the Performance Agreement. Anyadike misrepresented to Kirk that the $20,000 fee tendered to Kirk was for the event specified in the Performance Agreement. However, Kirk discovered that the fee was actually advanced by a third party, Antonio Soto, who told Kirk that the fee was for an entirely different event, on a different (Super Bowl) weekend. Therefore, Anyadike knowingly suppressed the truth. Anyadike concealed and failed to disclose a material fact that he knew or should have known should have been disclosed; he knew his concealment would induce Kirk to act; he had a duty to disclose the material fact; and Kirk detrimentally and justifiably relied on the misrepresentation and suffered damages as a result.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff Jonathan Kirk asserts the following counterclaims and alleges:

## GENERAL ALLEGATIONS

1. Kirk files these compulsory counterclaims under Fed. R. Civ. P. 13(a) for Common Law Invasion of Privacy and Unauthorized Publications of Name or Likeness (Fla. Stat. § 540.08). These counterclaims arise out of the transaction that is the subject of the Amended Complaint.

2. Jonathan Kirk ("Kirk") is an individual, over the age of eighteen (18) and resides in the State of North Carolina.

3. Kenneth Carey ("Carey")is an individual, over the age of eighteen (18) and resides in the State of New Jersey.

4. Steve Anyadike ("Anyadike") is an individual, over the age of eighteen (18) and resides in the State of Maryland.

5. Complete diversity exists under 28 U.S.C. §1332(a); the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Beginning on a date unknown in December 2019, and continuing through January 2, 2020, Carey and Anyadike created and distributed promotional fliers for the commercial purpose of advertising an event at Café Iguana on January 2, 2020. Carey and Anyadike also promoted the event on social media and a Billboard Truck using Kirk's name and photograph.

7. One version of the flier states that Kirk is a Special Invited Guest for the January 2, 2020 show.

8. The second version of the flier states that the show will be hosted by Kirk and contains a photograph of Kirk.

9. Kirk has fulfilled all conditions to the filing of these counterclaims.

10. Kirk did not give Carey or Anyadike consent for the use of his name or likeness in any promotional materials, including but not limited to printed fliers. To the contrary, Counter-Defendants were explicitly admonished by Kirk's agent not to use Kirk's name or photograph on promotional materials.

### COUNT I – COMMON LAW INVASION OF PRIVACY AGAINST BOTH CAREY AND ANYADIKE

11. Kirk realleges and incorporates the allegations set forth in paragraphs 1-10 above as if fully set forth.

12. Florida recognizes a common law tort of invasion of privacy when one appropriates to his own use the name or likeness of another. *See Loft v. Fuller*, 408 So. 2d 619, 622 (Fla. 4th DCA 1981).

13. Carey and Anyadike published, without any authorization, commercial promotional materials which contained both Kirk's name and likeness.

14. As a result of Carey's and Anyadike's conduct, Kirk suffered damages.

### COUNT II – UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS AGAINST BOTH CAREY AND ANYADIKE

15. Kirk realleges and incorporates the allegations set forth in paragraphs 1-10 above as if fully set forth.

16. Florida law prohibits the publishing, printing, display, or other public use for purposes of trade or for any commercial or advertising purpose the name and photograph of any natural person without express consent to use such. Fla. Stat. § 540.08.

17. Carey and Anyadike printed, published, and displayed two promotional fliers which contained Kirk's professional name and likeness.

18. At no point did Kirk give consent to Carey or Anyadike to print, publish, or display such materials.

19.  As a result of Carey's and Anyadike's conduct, Kirk suffered damages.

## PRAYER FOR DAMAGES

Wherefore, Defendant/Counter-Plaintiff Kirk demands damages, interest, costs, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant/Counter-Plaintiff Jonathan Kirk demands a jury trial on all counterclaims.

WHEREFORE, Defendant/Counter-Plaintiff Kirk requests that the Court dismiss all claims in the Amended Complaint with prejudice, enter judgment in favor of Kirk on his counterclaims, and award all other relief that is just and proper.

Dated:  September 21, 2022

> THE FINDLING LAW FIRM
> *Counsel for Defendant Jonathan Kirk*
> One Securities Centre
> 3490 Piedmont Road, Suite 600
> Atlanta, Georgia 30305
> Telephone: (404) 460-4500
> drew@findlinglawfirm.com
> zack@findlinglawfirm.com
>
> */s/ Drew Findling*
> DREW FINDLING, admitted *pro hac vice*
> */s/ Zack Kelehear*
> ZACK KELEHEAR, admitted *pro hac vice*
>
> and
>
> GRAYROBINSON, P.A.

*Counsel for Defendant Jonathan Kirk*
333 S.E. Second Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Brian.bieber@gray-robinson.com
Scott.cagan@gray-robinson.com

*/s/ Scott L. Cagan*
SCOTT L. CAGAN
Fla. Bar No.: 822681

*/s/ Brian H. Bieber*
BRIAN H. BIEBER
Fla. Bar No.: 8140

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing has been served on all parties via the Court's eFiling Portal, as indicated on the attached Service List, this 21st day of September, 2022.

*/s/ Scott L. Cagan*
SCOTT L. CAGAN

**SERVICE LIST**

Jonathan May, Esq.
The Lions' Den, Attorneys at Law
1395 Brickell Avenue
Suite 900
Miami, FL 33131
jonmay@lionsdenjustice.com

*Attorney for Plaintiffs Kenneth Carey and Steve Anyadike*

Kevin Markow, Esq.
Evan Benjamin Berger, Esq.
BECKER & POLIAKOFF, P.A.
1 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL 33301
KMarkow@beckerlawyers.com (primary)
EBerger@bplegal.com (primary)
JShelton@beckerlawyers.com (secondary)
SSegall@beckerlawyers.com (secondary)

*Attorneys for Defendants Universal Music Group, Inc. and Interscope Records*

/814953/2#48362889 v1