UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-20408-JEM/Becerra

KENNETH CAREY, *et al.*,

    Plaintiffs,

v.

JONATHAN KIRK, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1] ON MOTION FOR BILL OF COSTS**

**THIS CAUSE** came before the Court on Defendant Jonathan Kirk's ("Kirk") Motion for Bill of Costs (the "Motion"), ECF No. [357]. The Motion states that Plaintiffs Kenneth Carey ("Carey") and Steve Anyadike ("Anyadike") (collectively, "Plaintiffs") do not oppose the relief sought in the Motion, *id.* at 1, and Plaintiffs did not file a response. After a review of the instant Motion, the pertinent portions of the record, and the relevant authorities, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [357], be **GRANTED**.

**I.    BACKGROUND**

This action commenced on January 29, 2021, when the initial Complaint was removed to this Court. ECF No. [1]. The facts giving rise to the action relate to an agreement for Defendant Kirk, a rap artist professionally known as "DaBaby," to appear at a music event that Plaintiffs were hosting. ECF No. [121]. Not only did the event not occur as planned, there was an altercation involving Defendant Kirk and Plaintiffs prior to and in connection with the event. *Id.*

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant Motion to the undersigned. ECF No. [364].

Plaintiffs later filed the Amended Complaint, the operative pleading in this action, asserting claims against Defendant Kirk for breach of contract, assault, battery, promissory estoppel, civil conspiracy, defamation, and civil theft.  *Id.*[2]  Defendant Kirk asserted counterclaims against Plaintiffs for common law invasion of privacy and unauthorized use of name or likeness, for their advertisement of the event prior to execution of any agreement.  ECF No. [286].

The Parties engaged in discovery, and while discovery does not appear to have been particularly extensive overall, it included depositions of both Parties and non-party witnesses.  *See* ECF No. [357-2].  Thereafter, most of the claims against Defendant Kirk were adjudicated on summary judgment.  ECF No. [279].  Summary judgment was granted for Defendant Kirk on eleven of the sixteen counts in the Amended Complaint, and summary judgment was granted for Plaintiff Anyadike on two counts.  ECF No. [279].

The remaining claims were adjudicated at a four-day jury trial before the District Court.  The Court bifurcated the issues of liability and damages.  As to liability, the jury heard the following: (1) Plaintiff Anyadike's breach of contract claim; (2) Plaintiff Carey's assault claim; (3) Plaintiff Carey's battery claim; (4) Defendant Kirk's common law invasion of privacy counterclaims against Plaintiff Carey and Plaintiff Anyadike; and (5) Defendant Kirk's unauthorized use of name or likeness counterclaims against Plaintiff Carey and Plaintiff Anyadike.  As to liability, the jury delivered a verdict for Defendant Kirk on all seven of these claims.  ECF No. [331].

As to damages, because summary judgment was entered in favor of Plaintiff Anyadike on his claims for assault and battery, the jury determined damages on those two claims in addition to

---

[2] Other Defendants were also included in the Amended Complaint, however, their claims are not at issue in the instant Motion.

Defendant Kirk's counterclaims. The jury awarded Plaintiff Anyadike a total of $100.00, consisting of $50.00 for assault and $50.00 for battery. ECF No. [332]. The jury awarded Defendant Kirk a total of $100.00, consisting of $25.00 for common law invasion of privacy against Plaintiff Carey, $25.00 for common law invasion of privacy against Plaintiff Anyadike, $25.00 for unauthorized use of name or likeness against Plaintiff Carey, and $25.00 for unauthorized use of name or likeness against Plaintiff Anyadike. *Id.*

After the trial, Defendant Kirk filed the instant Motion. ECF No. [357]. Defendant Kirk argues that he is the prevailing party and entitled to his costs. *Id.* at 2. Defendant Kirk seeks $10,551.23 in taxable costs, consisting of a $402.00 filing fee, $195.00 in service of process costs, $120.00 in witness fees, and $9,834.23 in deposition transcript costs. *Id.* at 8. Plaintiffs did not file an Opposition to the Motion, and the Motion states that Plaintiffs do not oppose the relief sought therein. *Id.* at 1.

## II.     ANALYSIS

Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

(1)   Fees for the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The prevailing party may be awarded the costs enumerated in 28 U.S.C. § 1920. FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) ("Under Rule 54(d), 'there is a strong presumption that the prevailing party will be awarded costs.'") (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).

The Court has "discretion to decide which (if either) party 'prevailed' for the purposes of taxing costs under Rule 54(d)(1)." *Kipu Sys. LLC v. ZenCharts LLC*, No. 17-cv-24733, 2021 WL 4504632, at *3 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 17-cv-24733, 2021 WL 4504917, at *1 (S.D. Fla. Sept. 30, 2021). Further, a party need not prevail on all claims to be deemed the "prevailing party" for an assessment of costs. *See Pierre-Louis v. Baggage Airline Guest Services, Inc.*, No. 19-cv-61306, 2021 WL 633217, at *3 (S.D. Fla. Jan. 26, 2021) (awarding costs to the prevailing party and noting "Plaintiffs' lack of success on Count III does not vitiate their right to those costs that were necessary to the prosecution of claims for which they did in fact prevail"), *report and recommendation adopted*, No. 19-cv-61306, 2021 WL 617003, at *1 (S.D. Fla. Feb. 16, 2021); *see also Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782, 2018 WL 5768570, at *1 (S.D. Fla. Nov. 2, 2018) (holding that prevailing party was entitled to costs under the ambit of 28 U.S.C. § 1920 even though it prevailed on only some claims), *report and recommendation adopted*, No. 15-cv-81782, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018); *Daniel-Rivera v. Everglades Coll.*, No. 16-cv-60044, 2017 WL 5197509, at *3 (S.D. Fla. June 16, 2017) (prevailing party was entitled to and awarded costs despite the fact that it did not prevail on all claims and had only "nominal success in light of the relief sought"), *report and recommendation adopted*, No. 16-cv-60044, 2017 WL 5197949, at *1 (S.D. Fla. June 30, 2017).

Here, Defendant Kirk argues that he is the prevailing party in this action, and as such, is entitled to an award of costs. ECF No. [357] at 2–3. Although Defendant Kirk did not prevail on Plaintiff Anyadike's assault and battery claims, Defendant Kirk prevailed on the other fourteen claims asserted against him. Additionally, Defendant Kirk prevailed on all four counterclaims he asserted against Plaintiffs. Given that Defendant Kirk prevailed in the vast majority of claims, and was only assessed $100.00 for the two claims he did not prevail on, the Court agrees that he has prevailed for purposes of assessing the costs against Plaintiffs. Moreover, it does not appear, nor has any argument been made, that the costs were attributable to those counts on which Defendant Kirk did not prevail. Indeed, Plaintiffs do not dispute that the costs sought are attributable to the eighteen (of twenty total) claims upon which Kirk prevailed.

Defendant Kirk seeks $10,551.23 in taxable costs, consisting of a $402.00 filing fee, $195.00 in service of process costs, $120.00 in witness fees, and $9,834.23 in deposition transcript costs. ECF No. [357] at 8. Defendant Kirk's filing fee, service of process costs, witness fees, and deposition transcript costs are all recoverable under Section 1920, as outlined in more detail below. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (finding filing fees, transcript costs, witness fees, and service of process costs recoverable under Section 1920).

First, Defendant Kirk requests the $402.00 filing fee for a Notice of Removal. ECF No. [357] at 4. The filing fee "clearly falls within the scope of Section 1920(1)," and as such should be awarded to Defendant Kirk. *Grubbs v. A-1 Gutters and More, LLC*, No. 17-cv-14304, 2018 WL 4410914, at *2 (S.D. Fla. June 29, 2018); *see also Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015) (affirming District Court's award of filing fees under Section 1920).

Second, Defendant Kirk requests costs for the service of subpoenas to three non-party witnesses, for a total of $195.00. ECF No. [357] at 4. Specifically, Defendant Kirk requests $65.00

5

for service of a subpoena on Affordable Behavioral Health, LLC, $65.00 for service of a subpoena on DeShawn Skinner, and $65.00 for service of a subpoena on Success For You II, LLC. *Id.* at 4–5. Although Defendant Kirk contends that he incurred service of process costs in excess of those amounts, he concedes that he is only statutorily entitled to $65.00 for each. *Id.* The undersigned finds that Defendant Kirk's requested costs for service of process are fully recoverable because they are each equal to $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of documents. *See* 28 C.F.R. § 0.114(a)(3) ("The United States Marshals Service shall routinely collect fees according to the following schedule: [. . .] (3) For process served or executed personally—$65 per hour (or portion thereof) for each item served[.]"). Thus, Defendant Kirk is entitled to recover $195.00 for service costs.

Third, Defendant Kirk requests fees paid to three non-party witnesses that appeared for deposition, for a total of $120.00. ECF No. [357] at 5. Specifically, Defendant Kirk requests a $40.00 witness fee for the corporate representative of Affordable Behavioral Health, LLC, a $40.00 witness fee for DeShawn Skinner, and a $40.00 witness fee for the corporate representative of Success For You II, LLC. *Id.* Under Section 1920(3) and 28 U.S.C. § 1821, a witness fee of up to $40.00 per day is recoverable for a witness's attendance at trial or deposition. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007) ("A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'") (quoting *Morrison v. Reichhold Chemicals*, 97 F.3d 460, 463 (11th Cir. 1996)). Accordingly, Defendant should be awarded $120.00 in witness fees.

Finally, Defendant Kirk requests $9,834.23 in transcript and deposition fees, relating to six depositions. ECF No. [357] at 7. Specifically, Defendant Kirk requests deposition transcript costs

6

for the Parties' depositions: $2,427.24 for Plaintiff Carey; $3,178.02 for Plaintiff Anyadike; and $1,666.66 for Defendant Kirk. *Id.* Defendant Kirk requests deposition transcript costs for three non-party witness' depositions: $1,244.50 for Kinsza Virgil; $308.25 for Leonard Lucas; and $1,009.56 for DeShawn Skinner. *Id.* Included in those sums are Kirk's request for court reporter attendance fees (excluding any "copies of exhibits, litigation and technology support packages, and delivery services") and expedited delivery of the Parties' transcripts. *Id.* at 6–7.

The costs of deposition transcripts are recoverable under 28 U.S.C. § 1920 when said transcripts were "necessarily obtained for use in the case," but not when the costs are incurred merely for counsel's convenience. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). Defendant Kirk argues that the transcript costs and related attendance costs for the depositions of Plaintiffs, Defendant Kirk, Kinsza Virgil, Leonard Lucas, and DeShawn Skinner were all necessarily obtained for use in the case and are therefore all recoverable. The "non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dept. of Corrections*, No. 07-cv-80019, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008) (citing *W&O, Inc.*, 213 F.3d at 621). Plaintiffs have not met their burden to specifically oppose the necessity of any deposition transcripts herein, as they did not file an Opposition to the instant Motion. Thus, Defendant Kirk is entitled to recover his requested costs for deposition transcripts.

Additionally, the costs for expediting the Parties' deposition transcripts are recoverable. Expedited costs are generally not recoverable unless they are "essential to the resolution of the case in favor of the prevailing party." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015). Defendant Kirk argues that it was essential that the transcripts be expedited in advance of

7

the dispositive motion deadline set by the District Court. ECF No. [357] at 7. Plaintiffs do not dispute this contention. Plaintiff Carey was deposed on November 23, 2021, Defendant Kirk was deposed on December 6, 2021, and Plaintiff Anyadike was deposed on December 8, 2021. *See* ECF No. [357-2] at 25–27. Given the temporal proximity to the dispositive motion deadline of December 21, 2021, the Court finds that the costs for expediting the Parties' transcripts is reasonable and recoverable. *See* ECF No. [136] (extending the dispositive motion deadline to December 21, 2021). Therefore, Defendant Kirk's total request of $9,834.23 for transcript and deposition costs were necessary for the resolution of this action and should be awarded in full.

### III.     CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant Jonathan Kirk's Motion for Bill of Costs, ECF No. [357] be **GRANTED** and that Defendant Kirk be awarded $10,551.23 in taxable costs.

### IV.     OBJECTIONS

A party shall serve and file written objections, if any, within **FOURTEEN (14) DAYS** of being served with this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on April 17, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**